

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REGINA ADAMS,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CAUSE NO. A06CA281 SS |
| TEXAS COMMISSION ON<br>ENVIRONMENTAL QUALITY,<br>    Defendant. | §<br>§<br>§<br>§ | |

## COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF THIS COURT:

REGINA ADAMS, Plaintiff, complains of the TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, and for cause of action would show the court and jury the following.

### I.
### PARTIES AND SERVICE

1.    Plaintiff, REGINA ADAMS, ("Plaintiff"), is a resident of Texas.

2.    TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, ("TCEQ" or "Defendant") is a State Agency which may be served by serving the Attorney General, Greg Abbott, Office of the Attorney General, at 300 W. 15th Street, Austin, Texas 78701.

### II.
### JURISDICTION AND VENUE

3.    Jurisdiction is conferred on this Court and invoked in this action pursuant to 28 U.S.C. § 1337 and 28 U.S.C. § 1343.

4.    Venue is proper within the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391 because the events establishing the basis for this Plaintiff's causes of action occurred within the Western District of Texas, Austin Division.

---

## III.
## FACTS

5. Plaintiff, who is African American, began her employment with TCEQ on or about May 14, 1996 as a Program Administrator.

6. Plaintiff performed her job in a highly professional manner, as is indicated by the promotions she received during her employment with TCEQ. However, because of the TCEQ's discriminatory practices, Plaintiff has been denied further promotional opportunity.

7. On or about April 28, 2004, Plaintiff applied for the position of Manager IV. Plaintiff was duly qualified for the position, as her skills, knowledge and qualifications were substantial and made her an excellent candidate for the position. However, despite Plaintiff being qualified for the position, Plaintiff was not selected for pretextual reasons.

8. The individual chosen for the position was a White female, who was less qualified and possessed less experience than Plaintiff.

9. As a result of Plaintiff's non-selection for the position of Manager IV, Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission, Civil Rights Division and the Equal Employment Opportunity Commission.

10. Defendant's supervisor has maintained a hostile attitude toward Plaintiff because of her race and because Plaintiff filed a Charge of Discrimination. Plaintiff receives a lower salary than others who are not African American and who hold or who have held the same or a similar position as Plaintiff. Additionally, since filing her Charge of Discrimination, Plaintiff has been subjected to ongoing retaliation including, but not limited to, the fact that Plaintiff's supervisor fails to meet with Plaintiff and to include her in necessary meetings that enable Plaintiff to perform her job.

11.    Defendant's discriminatory and retaliatory actions towards Plaintiff have caused Plaintiff both financial and personal harm. Defendant's discriminatory and retaliatory actions have caused harm to Plaintiff's reputation and have caused Plaintiff serious emotional distress, depressions, and anxiety.

## IV.
## CAUSES OF ACTION

### Count 1 – Title VII

12.    Plaintiff incorporates and realleges the preceding paragraphs as if expressly set forth at length.

13.    Plaintiff has exhausted all required administrative procedures including timely filing a Charge of Discrimination with the EEOC and timely bringing this suit following her receipt of a Notice of Right to Sue.

14.    Defendant's actions of discrimination and retaliation against Plaintiff constitute a violation of 29 U.S.C. § 621 et seq., the Civil Rights Act of 1964 and 1991, 42 U.S.C. § 2000e, et seq. (Title VII).

**Count 2 – Violation of Statutory Rights of 42 U.S.C. §1981**

15.    Plaintiff incorporates and realleges the preceding paragraphs as if expressly set forth at length.

16.    Defendant discriminated against Plaintiff because she is African-American, in violation of 42 U.S.C. §1981, which, among other things, provides that "[a]ll persons … shall have the same right … to make and enforce contracts … as is enjoyed by white citizens …" which includes "the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

## V.
## DAMAGES

17. As a proximate result of Defendant's improper and illegal actions, Plaintiff is entitled to recover declaratory and injunctive relief, and compensatory and exemplary damages.

18. Plaintiff seeks prospective and/or injunctive relief against Defendant to prevent racial discrimination and/or future violations of civil rights by Defendant's employees.

19. Furthermore, Plaintiff has sustained and seeks the following damages as a result of the actions and/or omissions of Defendant described herein above:

   a. Front and back pay in an amount the Court deems equitable and just to make Plaintiff whole;

   b. Loss of enjoyment of life;

   c. Mental anguish in the past;

   d. Mental anguish in the future;

   e. Prejudgment and post-judgment interest as allowed by law;

   f. All reasonable and necessary costs incurred in pursuit of this suit;

   g. Expert fees as the Court deems appropriate;

   h. All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff; and

   i. All other damages to which Plaintiff may be reasonably hereby entitled.

## VI.
## JURY DEMAND

20. Plaintiff hereby requests a trial by jury.

## VII.
## PRAYER FOR RELIEF

**WHEREFORE,** premises considered, Plaintiff requests that Defendant be cited to appear and answer herein, and that on final trial of the Court award the Plaintiff the following relief.

1. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures, complained of herein, violated Plaintiff's rights under the United States Constitution and 42 U.S.C. § 1981;

2. Issue a permanent injunction restraining Defendant from violating these rights;

3. Declare that the acts and practices complained of are in violation of law;

4. Award Plaintiff damages for Plaintiff's past and future mental anguish, loss of income, loss of earning capacity, and other losses specifically stated hereinabove;

5. Award Plaintiff prejudgment and post-judgment interest at the maximum rate allowed by law on all backpay, compensatory damages and attorney's fees and costs awarded; and

6. Award Plaintiff such further and additional relief to which she may be entitled to.

Respectfully submitted,

**HOWARD & KOBELAN**
100 Congress, Suite 1720
Austin, Texas 78701
(512) 480-9300
(512) 480-9374

_____
Robert W. Schmidt
State Bar No. 17775429
Attorney for Plaintiff